IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02541-LTB

CECIL BYNUM,

    Plaintiff,

v.

CITY AND COUNTY OF DENVER, MUNICIPALITY,
MAYOR MICHAEL HANCOCK,
KERI JOHNSON,
DAVID RYAN,
A. P. RICHMOND,
J. CASIAS,
J. ANDREWS,
ROBERT HART, and
J. SIMMONS,

    Defendants.

---

ORDER DENYING MOTION TO RECONSIDER
AND MOTION FOR EXTENSION OF TIME TO FILE APPEAL

---

    This matter before the Court is the "Motion for Extension of Time to File Notice of Appeal Combined Motion Requesting Clarification of Court Ordered Dismissal" that Plaintiff Cecil Bynum, a *pro se* prisoner litigant, filed on December 6, 2011. Mr. Bynum seeks clarification of the Order entered on November 15, 2011, dismissing the instant action. The Court must construe the Motion Requesting Clarification liberally because Mr. Bynum is proceeding *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). For the reasons stated below,

the Court will construe the Motion as filed pursuant to Fed. R. Civ. P. 59(e) and will deny the Motion.

The Court dismissed the action because Mr. Bynum failed to comply with the Order of October 5, 2011, directing him to submit his claims on a proper, Court-approved form.

A litigant subject to an adverse judgment, and who seeks reconsideration by the district court of that adverse judgment, may "file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b)." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991). A motion to alter or amend the judgment must be filed within twenty-eight days after the judgment is entered. *See* Fed. R. Civ. P. 59(e). Final decisions are those that end the litigation on the merits and leave nothing for the district court to do except execute the judgment. *Van Cauwenberghe v. Biard*, 486 U.S. 517, 521-22 (1988); *In re Durability, Inc.*, 893 F.2d 264, 265 (10th Cir. 1990). The Motion was filed on December 6, 2011, well within twenty-eight days of the final judgment in this action. *See* Fed. R. Civ. P. 6(a). The Court, therefore, will construe the Motion as filed pursuant to Rule 59(e). *See Van Skiver*, 952 F.2d at 1243 (stating that a motion to reconsider should be construed as filed pursuant to Rule 59(e) when it is filed within the ten-day limit (limit effective prior to December 1, 2009) set forth under Rule 59(e)).

The three major grounds that justify reconsideration are: (1) an intervening change in controlling law; (2) the availability of new evidence; and (3) the need to correct clear error or prevent manifest injustice. *See Servants of the Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). A motion to reconsider is appropriate where a

court has misapprehended the facts, a party's position, or the controlling law.  *Id.* (citing *Van Skiver*, 952 F.2d at 1243).

In the Motion, Mr. Bynum claims that the October 5 Order is confusing.  He asserts that the Court was not clear what needed to be submitted to the Court on a Court-approved form.  Mr. Bynum's claim is incredible.  He submitted a complaint on November 3, 2011, in response to the Court's October 5 Order.  He stated his claims, identified parties, the basis for jurisdiction, and a request for relief.  He, however, failed to use a Court-approved form, which he concedes he had in the complaint packet he obtained from the internet.  Furthermore, if Mr. Bynum did not understand the October 5 Order, or the instructions he obtained from the internet, he should have requested clarification prior to the action being dismissed.

On consideration of the construed Motion to Reconsider, the Order of Dismissal, and the entire file, the Court concludes that Mr. Bynum fails to demonstrate some reason why the Court should alter or amend the November 15 Order of Dismissal and Judgment in this action.  Nothing Mr. Bynum asserts gives cause for reinstating this case.

Furthermore, the Court notes that the case was dismissed without prejudice.  If Mr. Bynum desires to proceed with his claims he may file a new action.
Accordingly, it is

ORDERED that Mr. Bynum's Motion Requesting Clarification of Court Ordered Dismissal (Doc. No. 16) is construed as filed pursuant to Fed. R. Civ. P. 59(e) and is denied.  It is

FURTHER ORDERED that because Mr. Bynum has filed a Notice of Appeal Mr. Bynum's Motion for Extension of Time fo File Notice of Appeal (Doc. No. 16) is denied as moot.

DATED at Denver, Colorado, this  13th  day of   December   , 2011.

BY THE COURT:


   s/Lewis T. Babcock
LEWIS T. BABCOCK, Judge
United States District Court